# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

THOMAS SANTARLAS,

    Plaintiff,

v.                                        Case No:  5:15-cv-103-Oc-30PRL

AL MINNER, in his official capacity as
manager of the City of Leesburg, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants Al Minner, Max Parker, Marcia Clark, Kimberly Smith, and Greg Homrich's (collectively "Defendants") Motion to Quash Service of Process, Motion to Dismiss with Prejudice, and Motion to Strike (Doc. 8) and Plaintiff's response in opposition thereto (Doc. 11).  The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendants' motion should be granted in part and denied in part.

## BACKGROUND

In 2012, Plaintiff, a sworn law enforcement officer, was a candidate for Sheriff of Hardee County.  Plaintiff alleges that his position as a public figure subjected him to the curiosity and interest of the public and his political opponents.  Upon Plaintiff's information or belief, individual defendants, Christina Johnson, Delynda Pratt, Gregory Homrich, Kimberly Smith, Marcia Clark, Max Parker, and Sabrina Ruiz, who are

employees of the Leesburg Police Department ("LPD"),[1] accessed Plaintiff's personal information[2] using the Driver and Vehicle Identification Database ("DAVID") from April 2011 through May 2012. According to Plaintiff, the individual defendants did not have a legitimate law enforcement purpose for accessing his personal information through DAVID. Plaintiff further alleges that at the time his information was accessed he was not the subject of a law enforcement investigation.

Based upon the impermissible access of Plaintiff's personal information by employees of the LPD, Plaintiff asserts a claim against the City of Leesburg and the individual defendants under the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724(a), which provides for a private right of action when "[a] person . . . knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]."[3] Plaintiff also asserts a claim against the City of Leesburg for negligent supervision under Florida law.[4]

---

[1]The City of Leesburg is responsible for operation of the LPD.
[2]Plaintiff refers to "personal information" as defined under 18 U.S.C. § 2725(3), which provides that personal information includes "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status."
[3]See 18 U.S.C. § 2721(b) for a list of permissible uses under the DPPA.
[4]Defendants assert that they are confused as to whether Plaintiff's claim for negligent supervision is brought under 42 U.S.C. § 1983 or Florida law. However, since Plaintiff does not cite § 1983 in his complaint and specifically states that his claim for negligent supervision is brought pursuant to "common law," it is clear that Plaintiff's claim for negligent supervision is one under Florida law not § 1983. Additionally, Plaintiff asserts pendent jurisdiction over his state law claim, and Plaintiff's claim for negligent supervision is the only other claim asserted in the complaint.

## **DISCUSSION**

**A. Motion to Quash**

Defendant Al Minner, as the City of Leesburg City Manager, contends that Plaintiff failed to properly effectuate service against him or the City of Leesburg. First, Minner contends that he was not the city manager at the time the access of which Plaintiff complains occurred. Since Plaintiff sues Minner in his official capacity, which Minner rightfully contends amounts to a claim against the entity of which he is an officer or agent, in this case, the City of Leesburg, it is irrelevant whether Minner was the city manager at the time of the alleged violations. Further, Plaintiff clarifies in his response that he only sues Minner in his official capacity. Plaintiff's assurances that Minner is not sued in his individual capacity should assuage any of Minner's concerns in this regard. It is also apparent from Plaintiff's complaint that the party at issue is the City of Leesburg, not Minner individually. Thus, the Clerk is directed to terminate Minner as a defendant in this action and add the City of Leesburg instead.

Next, Minner contends that the complaint was not properly served so as to obtain jurisdiction over the City of Leesburg. Under Federal Rule of Civil Procedure 4(j)(2), a party can serve a state or local government by either "delivering a copy of the summons and of the complaint to its chief executive officer" or "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Florida Statute § 48.111(1)(a), provides, in relevant part, for service against any municipal corporation or subdivision of the state by serving "the president, mayor, chair, or other head thereof."

Because Plaintiff served the city manager and not the president, mayor, chair or other head thereof, Minner argues that service was not properly effectuated upon the City of Leesburg and service should be quashed and Plaintiff's complaint dismissed. Plaintiff counters that pursuant to the City of Leesburg Charter the city is organized under a commission-manager format and the city manager is the chief administrative officer of the city. Thus, according to Plaintiff, the city manager qualifies as "other head thereof" under § 48.111(1)(a).

While Plaintiff is correct that the City of Leesburg Charter designates the city manager as the chief administrative officer, the Charter also provides that "[t]he Mayor shall be recognized as the official head of the City by the courts for the purposes of serving civil process." City of Leesburg Charter, art. 1, § 16. As such, by serving the city manager instead of the mayor, Plaintiff failed to properly effectuate service upon the City of Leesburg. Upon a showing of insufficient service of process, Federal Rule of Civil Procedure 12(b)(5) provides the court with the authority to either dismiss the complaint or to quash service and require that the plaintiff re-attempt service. Thus, because Plaintiff did not properly effect service upon the City of Leesburg, Minner's request to quash service of process upon the City of Leesburg should be granted with leave for Plaintiff to serve the City of Leesburg in the manner provided by law.[5]

---

[5] Defendants also take issue with the parties named by Plaintiff. Specifically, Defendants complain that the City of Leesburg is not named as a defendant and that Plaintiff complains of acts taken by the LPD, which is not a legal entity subject to suit. Although Defendants are correct, and the City of Leesburg is not specifically named as a defendant, it is clear from Plaintiff's complaint that his action is against the City of Leesburg, which is the entity responsible for the acts of the employees of the LPD. Thus, Defendants' complaints are without merit. Moreover, the Court has directed the Clerk to name the City of Leesburg as a defendant, which should alleviate any confusion.

4

**B. Motion to Dismiss**

Defendants raise several arguments as to why Plaintiff's complaint should be dismissed. For the reasons that follow, the Court concludes that Plaintiff has stated an adequate claim under the DPPA. However, Plaintiff has not sufficiently pled a claim for negligent supervision or negligent training under Florida law and this claim should be dismissed with leave for Plaintiff to amend the claim if he can do so within the parameters of the law.

**1. Whether Defendants are exempt from liability under the DPPA.**

First, Defendants argue that Plaintiff's claim for violation of the DPPA should be dismissed because the City of Leesburg and its employees are exempt from its provisions. Namely, a civil action may be brought under the DPPA against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]." § 2724(a). The DPPA defines "person" as "an individual, organization or entity, but does not include a State or agency thereof." § 2725(2). Accordingly, Defendants argue that the City of Leesburg and its employees do not fall within the definition of "person" under the DPPA and cannot be liable under § 2724(a).

Although a state and its agencies, such as a department of motor vehicles, are exempt from the civil penalties provided for under the DPPA, cities and municipalities are not. *See Margan v. Niles*, 250 F. Supp. 2d 63, 75 (N.D.N.Y. 2003) (holding that municipalities are not exempt from liability under § 2724(a)). Moreover, although not

5

dispositive, municipalities, including cities and counties, have been subject to claims brought pursuant to § 2724(a) of the DPPA throughout the United States, including Florida. *See, e.g.*, *Buckner v. Rutherford*, No. 3:13-cv-578-J-32JRK, 2013 WL 5587935 (M.D. Fla. 2013) (asserting a claim under the DPPA against Duval County, Florida); *Schierts v. City of Brookfield*, 868 F. Supp. 2d 818, 821-22 (E.D. Wis. 2012) (asserting a claim under the DPPA against the City of Brookfield). The Court can find no authority to the contrary. Dismissal is therefore not warranted on the basis of the City of Leesburg's exemption from liability under the DPPA.

**2. Whether Plaintiff has failed to state a claim under the DPPA upon which relief could be granted.**

Next, Defendants argue that Plaintiff's DPPA claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief could be granted. Pursuant to Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

Namely, Defendants contend that Plaintiff's allegations are conclusory. To state a claim under § 2724(a), Plaintiff must allege facts showing

> that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted. The plain meaning of the third factor is that it is only satisfied if shown that obtainment, disclosure, or use was not for a purpose enumerated under § 2721(b).

*Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A.*, 525 F.3d 1107, 1111 (11th Cir. 2008). Because Plaintiff alleges that the individual defendants, acting within the scope of their employment, accessed Plaintiff's personal information through DAVID, Plaintiff has satisfied the first two elements.

Plaintiff further alleges that at the time the individual defendants accessed his personal information they did not have a legitimate law enforcement purpose or other purpose permitted under the law. Additionally, Plaintiff asserts that he was not the subject of a law enforcement investigation nor in contact with any of the individual defendants such that his contact would give rise to a legitimate reason for accessing his personal information. As the court noted in *Welch v. Theodorides-Bustle*, 677 F. Supp. 2d 1283, 1287 (N.D. Fla. 2010), "it is hard to plead a negative with great specificity; that there was no permissible purpose for the disclosure is about as precise as one could be."

Furthermore, Plaintiff filed a complaint similar to the complaint at issue in the present case that was recently upheld on a motion to dismiss, finding that Plaintiff adequately pled a claim under § 2724(a) of the DPPA. *See Santarlas v. Atchley*, No. 8:15-cv-374-T-23TBM, 2015 WL 2452301 (M.D. Fla. May 21, 2015); *but see Traub v. City of Saint Paul*, No. CIV.13-3017 MJD/JJK, 2014 WL 2881484, at *4 (D. Minn. June 25, 2014) (finding that the plaintiff failed to establish an improper purpose because she failed to allege any particularized facts). Thus, the Court concludes that Plaintiff has alleged

sufficient facts showing that his information was accessed for an improper purpose to survive a motion to dismiss.

### 3. Whether the individual defendants are entitled to qualified immunity.

Defendants claim that because Plaintiff has failed to establish a violation of the DPPA, the individual defendants are entitled to qualified immunity. Because the Court disagrees with Defendants regarding the sufficiency of Plaintiff's DPPA claim, Defendants' argument is moot. "Qualified immunity offers protection for government officials, acting within their discretionary authority, who are sued in their individual capacities as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Collier v. Dickinson*, 477 F.3d 1306, 1308 (11th Cir. 2007) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

Because Plaintiff has sufficiently asserted a claim under § 2724(a) at this stage of the proceedings—i.e., Plaintiff's allegations, if true, establish the violation of a statutory right—the Court need not address Defendants' arguments regarding qualified immunity. *See id.* at 1310-12 ("find[ing] that the plain language of the DPPA clearly, unambiguously, and expressly creates a statutory right which may be enforced by enabling aggrieved individuals to sue persons who disclose their personal information in violation of the DPPA" and that this statutory right was clearly established); *see also Mallak v. Aitkin Cnty.*, 9 F. Supp. 3d 1046, 1063 (D. Minn. 2014) (concluding that where a plaintiff sufficiently alleged a violation of the DPPA, defendants were not entitled to qualified immunity at the

motion-to-dismiss stage). Thus, the Court declines to address the applicability of qualified immunity at this time.

### 4. Whether the City of Leesburg is vicariously liable for the actions of its employees.

Defendants argue that Plaintiff has not pled sufficient facts from which the City of Leesburg can be held vicariously liable under the DPPA because Plaintiff has failed to state a claim under the DPPA. However, as the Court has already concluded that Plaintiff has stated a sufficient claim under the DPPA, Defendants' argument in this regard is without merit.

Nevertheless, although not specifically argued by Defendants, the Court notes that Plaintiff has likely not pled sufficient facts from which it can be determined that the individual defendants were acting within the scope of their employment when they accessed Plaintiff's personal information such that the City of Leesburg would be vicariously liable for their conduct. "[T]he [Supreme] Court has assumed that, when Congress creates a tort action, it legislates against a legal background of ordinary tort-related vicarious liability rules and consequently intends its legislation to incorporate those rules." *Meyer v. Holley*, 537 U.S. 280, 285 (2003). Under traditional principles of vicarious liability, to hold an employer vicariously liable for the acts of its employees, the acts must have been taken within the employee's scope of employment. *Id.* (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 756 (1998)). An employee is acting within the scope of his or her employment when the "employee's purpose, however misguided, is wholly or in part to further the master's business." *Burlington*, 524 U.S. at 756.

9

Plaintiff alleges in a conclusory fashion that the individual defendants were acting within the scope of their employment when they accessed Plaintiff's information through DAVID. But Plaintiff also alleges that his information was accessed for an impermissible purpose. On the facts as alleged by Plaintiff, if the individual defendants were acting with an impermissible purpose, it follows that they were also likely acting outside the scope of their employment such that the City of Leesburg could not be vicariously liable for their actions. *See, e.g.*, *May v. Dartmouth Hitchcock Med. Ctr.*, No. Civ. 02-371-B, 2003 WL 21488697, at *1 (D. N.H. June 24, 2003) (applying New Hampshire vicarious liability principles, which are similar to the federal principles, and concluding that an employee who disclosed confidential medical information about the plaintiff obtained through the employee's relationship with the employer was acting outside the scope of her employment). Nothing in the complaint suggests that the individual defendants were permitted access to DAVID for any reason not related to law-enforcement purposes. Plaintiff has failed to reconcile these allegations. Additionally, Plaintiff has not alleged any facts establishing that the individual defendants were furthering the City of Leesburg's purposes in impermissibly accessing Plaintiff's personal information through DAVID.

Because the parties did not address this issue, the Court highlights it for the parties' consideration to raise at a later time if necessary.

**5. Whether Plaintiff's claim for negligent supervision and negligent training under Florida law is precluded by the doctrine of sovereign immunity.**

Defendants argue that Plaintiff's claim for negligent supervision and negligent training fails because Plaintiff did not comply with § 768.28(6)(a), Florida Statutes, which

10

requires that prior to instituting an action against the state or one of its subdivisions, a plaintiff must present his or her claim in writing to the appropriate agency within three years after such claim accrues. This notice provision "is strictly construed, with strict compliance being required." *Maynard v. Fla., Dep't of Corr.*, 864 So. 2d 1232, 1234 (Fla. 1st DCA 2004). Plaintiff has not alleged that he complied with the condition precedent of § 768.28(6)(a) as to his claim for negligent supervision and negligent training. Accordingly, Plaintiff's claim should be dismissed without prejudice with leave to amend on this basis alone. However, the Court also concludes that Plaintiff's claim suffers from a lack of specificity.

With respect to the sufficiency of Plaintiff's claim, Defendants contend that to the extent Plaintiff asserts a claim for negligent training,[6] Plaintiff's claim is barred by the doctrine of sovereign immunity. Plaintiff did not respond to Defendants' contention. Under Florida Statute § 768.28, the state of Florida, including its agencies and subdivisions, have waived sovereign immunity for tort liability. However, this waiver of sovereign immunity applies only to operational acts and does not extend to "'discretionary' functions

---

[6]Although Plaintiff refers to his claim as one for negligent supervision, Plaintiff's allegations do not fit the elements of a claim for negligent supervision under Florida law. Specifically, under Florida law, negligent supervision "occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment." *Dep't of Envtl. Prot. v. Hardy*, 907 So. 2d 655, 660-61 (Fla. 5th DCA 2005). Rather, Plaintiff's claim appears to be one of negligent training. Even if Plaintiff intended to state a claim for negligent supervision, Plaintiff has alleged no facts, beyond conclusory allegations, that the City of Leesburg had knowledge or should have had knowledge of violations of the DPPA by specific employees. If Plaintiff chooses to amend his claim, he should be mindful to clearly allege the cause of action he intends to pursue, whether that be a claim for negligent supervision, negligent training, or both.

[of the government], such as development and planning of governmental goals and policies." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1266 (11th Cir. 2001).

Plaintiff alleges that the City of Leesburg failed to "train, monitor, supervise, and properly discipline" its employees regarding the access of personal information through DAVID. Additionally, Plaintiff asserts that the City of Leesburg established no system to monitor access to DAVID by its employees. Plaintiff does not acknowledge or refute Defendants' contention that these activities are discretionary acts such that the doctrine of sovereign immunity applies.

Generally, most negligent training claims are asserted against cities in reference to the training of law enforcement officers, and it has been found that a city's decision "regarding how to train its officers and what subject matter to include in the training is clearly an exercise of governmental discretion regarding fundamental questions of policy and planning." *Id.* at 1266; *see also Bussey-Morice v. Kennedy,* No. 6:11-cv-970-Orl-36GJK, 2013 WL 71803, at *5 (M.D. Fla. Jan. 7, 2013). Since Plaintiff appears to contend that there was no training program or supervision in place regarding access to DAVID, Plaintiff appears to challenge the City of Leesburg's decision with respect to whether a training and supervision program should exist, a discretionary act, and not the *implementation or operation* of a training and supervision program. *See Schutt v. Lewis*, No. 6:12-CV-1697-ORL-37, 2013 WL 3323667, at *5 (M.D. Fla. July 1, 2013) (finding that claims of negligent training and negligent supervision were barred by the doctrine of sovereign immunity because they challenged discretionary acts of the government). Thus, Plaintiff's claim for negligent supervision and negligent training is dismissed without

prejudice with leave for Plaintiff to amend challenging operational acts rather than discretionary acts.

**6. Whether Plaintiff's complaint complies with Federal Rule of Civil Procedure 10(b).**

Defendants further contend that Plaintiff's complaint should be dismissed because it is not properly divided into counts against each defendant. Rule 10(b) provides, in pertinent part, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." As Plaintiff points out, his claims are simple and straightforward, and the Court fails to see how Defendants are confused by the presentation of Plaintiff's allegations. Thus, Plaintiffs complaint is not due to be dismissed based on Rule 10(b).

**C. Motion to Strike**

Finally, Defendants request that the Court strike Plaintiff's claim for punitive damages against both the City of Leesburg and the individual defendants. Plaintiff concedes that his claim for punitive damages should be stricken as to the City of Leesburg. As to the individual defendants, Defendants argue that Plaintiff has failed to allege sufficient facts establishing that the conduct of the individual defendants warrants punitive damages. But at the pleading stage, Plaintiff does not have the burden of pleading specific facts to support a punitive damages claim, which is merely a remedy. *See Daniels v. Am. Serv. Grp., Inc.*, No. 8:05-CV-1392-T-30TBM, 2005 WL 3113237, at *2 (M.D. Fla. Nov. 21, 2005) (denying defendant's request to strike a claim of punitive damages). Thus,

Defendants' request to strike Plaintiff's claim for punitive damages should be granted as to the City of Leesburg and denied as to the individual defendants.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Quash Service of Process, Motion to Dismiss with Prejudice, and Motion to Strike (Doc. 8) is GRANTED in part and DENIED in part as described herein.

2. Service of process on Al Minner for the City of Leesburg is QUASHED.

3. Plaintiff's claim against the City of Leesburg for negligent supervision (Count V)[7] is DISMISSED without prejudice.

4. Plaintiff's claim for punitive damages against the City of Leesburg is STRICKEN.

5. Plaintiff may file an amended complaint that is consistent with this Order within thirty (30) days from the date of this Order.

6. Plaintiff has an additional forty-five (45) days from the date of this Order to properly serve the amended complaint on the City of Leesburg.

7. Defendants' request for costs and attorney's fees incurred in filing this motion is DENIED.

---

[7] Although the complaint contains only two counts, Plaintiff's claim for negligent supervision is labeled as "Count V." The Court assumes this misnomer is a scrivener's error.

8. The Clerk is directed to terminate Al Minner as a defendant in this action and add the City of Leesburg.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of June, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record