UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS SANTARLAS,

    Plaintiff,

v.                                           Case No:  5:15-cv-103-Oc-30PRL

AL MINNER, in his official capacity
as Manager of the City of Leesburg,
et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants City of Leesburg (the "City"), Max Parker, Marcia Clark, Kimberly Smith, and Greg Homrich's (collectively "Moving Defendants") Motion to Dismiss with Prejudice and Motion to Strike (Doc. 14) and Plaintiff's response in opposition thereto (Doc. 18).  The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Moving Defendants' motion should be granted in part and denied in part.

## BACKGROUND

In 2012, Plaintiff, a sworn law enforcement officer, was a candidate for Sheriff of Hardee County.  Plaintiff alleges that, as a candidate for sheriff, he was a public figure and was subject to the curiosity and interest of the public and his political opponents. Upon Plaintiff's information or belief, individual defendants, Christina Johnson, Delynda Pratt,

Gregory Homrich, Kimberly Smith, Marcia Clark, Max Parker, and Sabrina Ruiz, who are employees of the Leesburg Police Department ("LPD"),[1] accessed Plaintiff's personal information[2] using the Driver and Vehicle Identification Database ("DAVID") from April 2011 through May 2012. According to Plaintiff, the individual defendants did not have a legitimate law enforcement purpose for accessing his personal information through DAVID. Plaintiff further alleges that at the time his information was accessed he was not the subject of a law enforcement investigation.

Based upon the impermissible access of Plaintiff's personal information by employees of the LPD, Plaintiff initiated this action, asserting a claim against the City and the individual defendants for violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724(a), which provides for a private right of action when "[a] person . . . knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]."[3] (Doc. 1). Plaintiff also asserted a claim against the City for negligent training and supervision under Florida law. Defendants filed a motion to dismiss, which the Court granted in part and denied in part, concluding that Plaintiff sufficiently alleged a claim under the DPPA, but dismissing Plaintiff's claim for negligent supervision and training. (Doc. 12).

---

[1]The City is responsible for operation of the LPD.
[2]Plaintiff refers to "personal information" as defined under 18 U.S.C. § 2725(3), which provides that personal information includes "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status."
[3]See 18 U.S.C. § 2721(b) for a list of permissible uses under the DPPA.

On July 22, 2015, Plaintiff filed an amended complaint raising claims under the DPPA and 42 U.S.C. § 1983. (Doc. 13). Moving Defendants currently seek dismissal of Plaintiff's amended complaint on several grounds. (Doc. 14).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

**1. Liability of the Individual Defendants under the DPPA**

First, Moving Defendants renew their contention that Plaintiff's DPPA claim should be dismissed because Plaintiff failed to state a sufficient claim under the DPPA and because the individual defendants are entitled to qualified immunity. In its previous order, the Court concluded that Plaintiff stated a sufficient claim under the DPPA and that the issue of the individual defendants' qualified immunity was not ripe for consideration at the motion-to-dismiss stage. The Court, having previously addressed Moving Defendants' arguments, declines to readdress them in light of the amended complaint. (*See* Doc. 12).

**2. Liability of the City of Leesburg under the DPPA**

Next, Moving Defendants assert that Plaintiff's claim under the DPPA against the City under a theory of vicarious liability fails because Plaintiff has not alleged facts showing that the individual defendants were acting within the scope of their employment and furthering the City's purposes when they allegedly violated the DPPA. Plaintiff counters that his claim against the City under the DPPA is based on both the City's vicarious liability for the acts of its employees and its direct liability under the DPPA.

As previously noted by the Court, Plaintiff has not alleged sufficient facts demonstrating that the individual defendants were acting within the scope of their employment in impermissibly accessing Plaintiff's information through DAVID. (Doc. 12). In fact, Plaintiff alleges the contrary—that there was no law enforcement purpose for the searches. An employee's conduct is considered to be within the scope of employment if it (1) is of the kind he or she is employed to perform, (2) occurs substantially within the authorized time and space limits of the workplace, and (3) is actuated, at least in part, by a purpose to serve the employer. *See Sparks v. Pilot Freight Carriers, Inc.*, 830 F.2d 1554, 1559 n.5 (11th Cir. 1987). Alternatively, an employee's conduct "is not within the scope of employment if it is different in kind from that authorized, far beyond the authorized time and space limits, or too little actuated by a purpose to serve the [employer]." *Id.* (internal quotation marks omitted).

Plaintiff asserts that because the City was entrusted with the information contained within DAVID and provided access to DAVID to its employees, it can be held vicariously liable for *any* of its employee's actions is misusing DAVID to obtain Plaintiff's personal

information. The mere fact that the individual defendants had access to DAVID through their employment with the City is insufficient to establish that the conduct was actuated by a purpose to serve the employer. *Cf. McClain v. RBS Citizen's Bank, N.A.*, 57 F. Supp. 3d 438, 441-42 (E.D. Pa. 2014) (concluding that providing an employee access to information for business purposes did open employer to vicarious liability for employee's misuse of information where the misuse was not motivated by a purpose to serve the employer). For that reason, Plaintiff's allegations are insufficient to establish that the individual defendants were acting within the scope of their employment such that the City is vicariously liable for their acts.

Plaintiff contends that even if the individual defendants were acting outside the scope of their employment, the City can still be vicariously liable for their conduct because the City was negligent or reckless in supervising the individual defendant's use of and access to DAVID and in training the individual employees in the proper use of DAVID. While an employer can be held vicariously liable for the acts of its employees if the employer was negligent or reckless, Plaintiff has not provided sufficient facts establishing the City's negligence. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 758 (1998). Plaintiff alleges that the City's negligence contributed to the individual defendants' violations of the DPPA because the City inadequately trained and supervised its employees. However, for the City to be found negligent on the basis of a failure to train or supervise its employees, Plaintiff must allege facts establishing that the City was aware or should have been aware of a need to train or supervise its employees with respect to use of DAVID and failed to take any action. *See id.* at 759 (noting that an employer would be negligent

5

with respect to sexual harassment if it knew or should have known about the conduct and failed to stop it). Plaintiff's complaint is devoid of any facts suggesting that the City was aware of a need to train and supervise its employees regarding use of DAVID. Thus, Plaintiff has failed to establish vicarious liability based on the City's negligence in failing to adequately supervise and train the individual defendants.

Plaintiff also asserts that the City can be held directly liable under the DPPA because it failed to prevent unauthorized access to DAVID. The Court rejects this contention. The language of the DPPA is unequivocal; it provides a private cause of action against "[a] person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]." Plaintiff's allegations that the City did not prevent DPPA-violative behavior is plainly not the type of conduct actionable under the statute. Plaintiff has not alleged that the City itself "knowingly" obtained personal information for an impermissible purpose. Thus, Plaintiff's assertion that the City is directly liable under the DPPA is unpersuasive.

Because Plaintiff has failed to allege sufficient facts to establish that the City is liable under the DPPA, Plaintiff's DPPA claim against the City should be dismissed without prejudice. Plaintiff will be permitted a final opportunity to amend this claim provided he can establish the City's liability for the acts of the individual defendants.

### 3. Liability of the City of Leesburg under § 1983

As to Plaintiff's claim under § 1983 against the City, Moving Defendants argue that Plaintiff's claim fails because Plaintiff has not asserted that the City employed a particular custom, policy, or practice that caused the DPPA violation. To survive a motion

6

to dismiss under Rule 12(b)(6), Plaintiff must allege that a custom, policy, or practice of the City caused a violation of the DPPA. *See McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). The Eleventh Circuit has held that a plaintiff may establish a policy, custom, or practice for the purposes of § 1983 based on a failure to adequately supervise or train its employees if the failure to supervise or train amounts to "deliberate indifference" to the rights of others. *See Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998). To establish "deliberate indifference" a plaintiff must present some evidence that the municipality knew of a need to train or supervise in a particular area and the municipality made a deliberate choice not to take any action. *See id.* "[W]ithout notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id.* at 1351.

Plaintiff did not allege any facts showing that the City was on notice of a need to train or supervise its employees regarding access to DAVID such that its failure to train or supervise its employees in this regard amounted to deliberate indifference. For example, Plaintiff has provided no facts that the City was aware of a prior incident regarding misuse of DAVID and still provided no training or supervision. *See Perez v. City of Miami*, No. 10-21179-Civ, 2011 WL 772858, at *4 (S.D. Fla. Feb. 28, 2011) (finding no liability for failure to train under § 1983 where the plaintiff did not allege that the defendant was aware of prior incidents and deliberately ignored a need for training). Accordingly, Plaintiff's claim under § 1983 against the City fails and should be dismissed without prejudice.

**4. The City's Liability for Punitive Damages under § 1983**

Last, Moving Defendants contend that Plaintiff's request for punitive damages against the City is impermissible because punitive damages against a municipality are not recoverable under § 1983. Plaintiff agrees and withdraws the request for punitive damages. Moving Defendants' request to strike the claim for punitive damages is therefore moot.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Moving Defendants' Motion to Dismiss with Prejudice and Motion to Strike (Doc. 14) is GRANTED in part and DENIED in part.

2. Count I of the complaint is DISMISSED without prejudice as to the City of Leesburg and Count II is DISMISSED without prejudice in its entirety.

3. Within fourteen (14) days of the date of this Order, Plaintiff may filed a second amended complaint. No further amendments will be permitted.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of October, 2015.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record