UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

THOMAS SANTARLAS,

    Plaintiff,

v.                                        Case No: 5:15-cv-103-Oc-30PRL

AL MINNER, in his official capacity
as Manager of the City of Leesburg,
et al.,

    Defendants.
_____/

# ORDER

THIS CAUSE comes before the Court upon Defendants City of Leesburg (the "City"), Max Parker, Marcia Clark, Kimberly Smith, Greg Homrich, Christina Johnson (Christina Whyte), Sabrina Ruiz, and Delynda Pratt's (collectively "Defendants") Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice and Motion to Strike (Doc. 37) and Plaintiff's response in opposition (Doc. 40). The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendants' motion should be granted in part and denied in part.

## BACKGROUND

In 2012, Plaintiff, a sworn law enforcement officer, was a candidate for Sheriff of Hardee County. Plaintiff alleges that, as a candidate for sheriff, he was a public figure and was subject to the curiosity and interest of the public and his political opponents. Upon

Plaintiff's information or belief, individual defendants, Christina Johnson (Christina Whyte), Delynda Pratt, Gregory Homrich, Kimberly Smith, Marcia Clark, Max Parker, and Sabrina Ruiz, who are employees of the Leesburg Police Department ("LPD"),[1] accessed Plaintiff's personal information[2] using the Driver and Vehicle Identification Database ("DAVID") from April 2011 through May 2012.  According to Plaintiff, the individual defendants did not have a legitimate law enforcement purpose for accessing his personal information through DAVID.  Plaintiff further alleges that at the time his information was accessed he was not the subject of a law enforcement investigation.

Based upon the impermissible access of Plaintiff's personal information by employees of the LPD, Plaintiff initiated this action, asserting a claim against the City and the individual defendants for violation of the Driver's Privacy Protection Act ("DPPA"), 18 U.S.C. § 2724(a), which provides for a private right of action when "[a] person . . . knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]."[3]  (Doc. 1).  Plaintiff also asserted a claim against the City for negligent training and supervision under Florida law.

Defendants filed their first motion to dismiss, which the Court granted in part and denied in part, concluding that Plaintiff sufficiently alleged a claim under the DPPA, but dismissing Plaintiff's claim for negligent supervision and training.  (Doc. 12).  On July 22,

---

[1] The City is responsible for operation of the LPD.
[2] Plaintiff refers to "personal information" as defined under 18 U.S.C. § 2725(3), which provides that personal information includes "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status."
[3] See 18 U.S.C. § 2721(b) for a list of permissible uses under the DPPA.

2

2015, Plaintiff filed an amended complaint raising claims under the DPPA and 42 U.S.C. § 1983. (Doc. 13). Defendant filed a second motion to dismiss (Doc. 14), which the Court granted in part and denied in part, dismissing the DPPA claim as to the City and the § 1983 claim. (Doc. 19). Plaintiff filed a second amended complaint on October 30, 2015, raising three claims under the DPPA against the individual defendants and the City. (Doc. 30). Defendants currently seek dismissal of Plaintiff's second amended complaint. (Doc. 37).

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. In considering a motion to dismiss under Rule 12(b)(6), a court must accept the factual allegations of the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Conclusory allegations, unwarranted factual deductions, or legal conclusions masquerading as facts, however, are not entitled to the assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

**Count I: Violation of the DPPA by the Individual Defendants**

Count I of the second amended complaint asserts a claim against the individual defendants under the DPPA. Defendants argue that Plaintiff's claim is insufficiently pleaded. The Court has previously addressed the sufficiency of Plaintiff's DPPA claim against the individual defendants on two prior occasions and has concluded that it adequately states a claim. (Docs. 12, 19). Count I will not be dismissed.

**Count II: Violation of the DPPA by the City (Direct Liability)**

Count II of the amended complaint asserts a claim against the City for violation of the DPPA under a theory of direct liability. Plaintiff contends that the City "knowingly obtained and/or disclosed Plaintiff's personal information." (Doc. 30 at 11). This allegation appears to have been added in response to the Court's determination that Plaintiff's DPPA claim could not proceed against the City on a theory of direct liability because he did not allege that the City itself knowingly obtained or disclosed personal information for an impermissible purpose. (Doc. 19 at 6).

Plaintiff's second amended complaint does not cure the deficiency. Plaintiff's assertion that the City acted "knowingly" is vague and conclusory and is not supported by factual allegations. Plaintiff does not demonstrate how the City acted "knowingly," he merely asserts that it did so. Consequently, Count II should be dismissed.

**Count III: Violation of the DPPA by the City (Vicarious Liability)**

Count III of the second amended complaint asserts a claim against the City for violation of the DPPA under a theory of vicarious liability. Plaintiff alleges two theories of vicarious liability. First, Plaintiff alleges that the individual defendants were acting within the scope of their employment when they accessed his personal information through DAVID. Second, Plaintiff alleges that the City should be held vicariously liable for the actions of the individual defendants in misusing DAVID because it had a duty to train and certify its employees in the use of DAVID, emphasize the confidential nature of the information contained in DAVID, and inform employees of penalties for misuse of DAVID. (Doc. 30 at 14). Plaintiff alleges that the City was aware that a need existed to

4

properly train and supervise its employees due to generalized abuse of DAVID by law enforcement officers and government employees in Florida. (*Id.* at 15). Notably, Plaintiff does not allege that the City was aware of a specific problem with misuse of DAVID by City employees.

Plaintiff's allegations that the individual defendants were acting within the scope of their employment remain vague, conclusory, and fail to support a theory of vicarious liability. Plaintiff has not alleged any *facts* demonstrating that the individual employees were acting in furtherance of the City's interests in misusing DAVID. Rather, Plaintiff asserts in a conclusory fashion that the individual employees were acting "for the purpose of furthering the City's business purposes of law enforcement." (*Id.* at 30).

Similarly, Plaintiff's theory of vicarious liability based on the City's failure to train remains deficient. Plaintiff merely asserts that the City had a duty to train and supervise its employees in the use of DAVID and that the City was aware, generally, of the potential for abuse of DAVID by law enforcement personnel and government employees. What Plaintiff's complaint lacks are any allegations that the City was aware that this was a particular problem in the City or within the LPD such that training and supervision was required and the City failed to take any action.

Because Plaintiff's theories of vicarious liability are conclusory, vague, and unsupported by factual allegations, Count III should be dismissed.

## CONCLUSION

Plaintiff has adequately stated a claim against the individual defendants under the DPPA, but has failed to demonstrate that the City is liable, either directly or under a theory

5

of vicarious liability. Count I of Plaintiff's second amended complaint may proceed; Counts II and III will be dismissed with prejudice. Because the claims against the City are dismissed, the Court need not address whether Plaintiff is entitled to punitive damages against the City.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice and Motion to Strike (Doc. 37) is GRANTED in part and DENIED in part.

2. Counts II and III of the complaint are DISMISSED with prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of February, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record